IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON McCOY,

                Plaintiff,

      v.                          CASE NO.  12-3050-SAC

DICK HIENSCHMIDT,
et al.,

                Defendants.

**MEMORANDUM AND ORDER**

This civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate currently confined at the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Having reviewed the materials filed, the court has found deficiencies. Plaintiff is ordered to file an Amended Complaint, in which he cures the deficiencies discussed herein.

**FILING FEE**

At the outset the court notes Mr. McCoy has not paid the statutory district court filing fee of $350.00 for this civil rights complaint. Nor has he submitted a motion for leave to proceed without prepayment of fees. This action may not proceed until plaintiff satisfies the filing fee in one of these two ways.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action

"obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The inmate is required to obtain these financial records from each institution at which he was confined during the relevant time period and to submit them to the court. If Mr. McCoy does not satisfy the filing fee prerequisite within the time allotted, this action may be dismissed without further notice. The clerk shall be directed to send plaintiff forms for filing a proper motion under § 1915(a).

Mr. McCoy is forewarned that under 28 U.S.C. § 1915(b)(1), a prisoner granted leave to proceed without prepayment of fees is not relieved of the obligation to pay the full filing fee of $350.00 for each civil action that he files. Instead, being granted such leave merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1] Furthermore, § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. The court will determine the appropriate partial fee assessment after plaintiff provides the requisite financial information.

**COMPLAINT NOT UPON FORMS**

The local rules of this court require that § 1983 complaints filed pro se be submitted upon court-approved forms. D.Kan.Rule

---

[1] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the $350 filing fee has been paid in full.

2

9.1(a). Plaintiff is thus required to submit his complaint upon forms sent to him by the clerk.

Plaintiff has filed a Motion for Leave to File an Amended Complaint (Doc. 3). He is entitled to amend his complaint once without leave of court, so the motion was unnecessary and will be granted. However, a plaintiff does not amend his complaint by simply filing a motion for leave to amend and setting forth in the motion the claims and/or parties he wants to add, as Mr. McCoy has done here. Instead, Mr. McCoy should have prepared a complete amended complaint, and attached his proposed amended complaint to his motion for leave. See Fed.R.Civ.P. Rule 15. Furthermore, an amended complaint is not simply combined with the original complaint but completely supercedes it, and therefore must name all parties and contain all claims the plaintiff intends to pursue in the action including those raised in the original complaint. Any claims, parties, allegations, or arguments not included in the amended complaint are no longer before the court.

Plaintiff is ordered to file a "First Amended Complaint" upon court-provided forms. He must write "First Amended Complaint" and case number 12-3050 on the first page of his form complaint.

**ALLEGATIONS AND CLAIMS**

As the factual background for this complaint, plaintiff alleges as follows. On October 19, 2010, defendants Miller, Shultz and Campbell, law enforcement officers for the Hutchinson Police Department (HPD), showed up at plaintiff's residence in Hutchinson, Kansas, and demanded entry without a search warrant. Plaintiff's exhibit indicates that the HPD had been "contacted with a safety

3

concern at (this residence)." Plaintiff and his girlfriend advised defendants that they would not allow entry without a warrant. Nevertheless, defendant Miller instructed defendant Schultz to kick the back door open; and the three officers entered the residence without a warrant and with their weapons drawn. The defendants arrested plaintiff and his girlfriend for obstruction of legal process based on their behavior during the entry, and placed their 2-month-old child in police protective custody. On May 2, 2011, plaintiff appeared in municipal court for a bench trial. He was found not guilty in an order issued June 7, 2011, wherein the judge stated that he did "not believe that a person exercising their constitutional right to be free from unreasonable searches and seizures can be found guilty" of obstruction.

Plaintiff claims that breaking the door, entry without a warrant or consent, aiming weapons at him, arresting him on a bogus charge, and taking his infant daughter violated his constitutional rights, including his right to due process and his rights to be free from unreasonable search and seizure as well as cruel and unusual punishment.[2]  He seeks "a preliminary and permanent injunction

---

[2] The court construes plaintiff's claims regarding his arrest as asserting violation of his Fourth and Fourteenth Amendment rights. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and therefore "the right of individuals to be free from improper arrest." Buck v. City of Albuquerque, 549 F.3d 1269, 1281 (10th Cir. 2008); see U.S. CONST. amend. IV.  "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). "Accordingly, when a warrantless arrest is the subject of a § 1983 action, in order to succeed, a plaintiff must prove that the officer(s) lacked probable cause." Buck, 549 F.3d at 1281.  "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." Henry v. United States, 361 U.S. 98, 102 (1959); Steagald v. U.S. 451 U.S. 204, 216 (1981)("warrantless searches of a home are impermissible absent consent or exigent circumstances"). Plaintiff's allegations that the officers entered his residence without either a warrant or consent are accepted as true. However, plaintiff's exhibit suggests that the officers arrived at the residence in response to a call regarding a safety issue, and thus that

4

ordering defendants (Miller, Shultz and Campbell) to stop any profiling or harassment of plaintiff" and to start respecting his rights. He also seeks compensatory and punitive damages along with costs.

**SCREENING**

Because Mr. McCoy is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Having screened the materials filed by Mr. McCoy, the court finds the original complaint contains the following deficiency that must be cured by plaintiff.

**PERSONAL PARTICIPATION OF ALL DEFENDANTS NOT ALLEGED**

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where

---

there may have been exigent circumstances. "The Supreme Court has made clear . . . that police may enter a home without a warrant where they have an objectively reasonable basis for believing that an occupant is seriously injured or imminently threatened with such injury." West v. Keef, 479 F.3d 757, 759 (10th Cir. 2007); United States v. Najar, 451 F.3d 710, 718 (10th Cir. 2006).

"plaintiff failed to allege personal participation of the defendants"). It is well-established that a supervisor may not be held liable solely on the basis of his or her supervisory capacity for the acts of his subordinates. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Gagan v. Norton, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995). Instead, to be held liable under § 1983, a supervisor must have personally participated or acquiesced in the complained-of constitutional violations. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009)(Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, and plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.); Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988); Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Plaintiff names as defendants Dick Hienschmidt, Chief of Police, HPD; Randy Henderson, Sheriff, Reno County Sheriff's Department; Michael C. Robinson, City Prosecutor; Larry Dyer, Captain, Reno County Jail; and HPD law enforcement officers David Miller, Chris Shultz, and Lee Campbell. The only defendants who are alleged to have participated in the factual scenario described by plaintiff in his original complaint are defendants Miller, Shultz, and Campbell. Plaintiff does not describe any acts taken by the other named defendants. Nor does he describe any unconstitutional policy or custom and allege it was established by the supervisory

6

defendants. Plaintiff's general allegations that the defendants are "legally responsible for" overall operations, officers, and the jail are clearly not sufficient to allege the personal participation of defendants Hienschmidt, Henderson, Robinson, or Dyer in the acts upon which this complaint is based. Plaintiff must allege additional facts in his First Amended Complaint showing the personal participation of each defendant in unconstitutional acts, and not just conclusory statements and "formulaic recitations." Otherwise, this action will be dismissed as against any defendant whose personal participation is not sufficiently alleged.

**OTHER MATTERS**

Plaintiff fails to allege any facts whatsoever to support his requests for injunctive relief. He alleges no facts showing any profiling or discrimination against him by defendants, and none to establish that defendants will violate his rights in this manner in the future unless this court's grants injunctive relief.

If plaintiff is attempting to raise a claim of malicious prosecution or false imprisonment, he does not plainly present any such a claim or allege sufficient facts in support. He does not provide the dates of his imprisonment on the charge of obstruction or the date and outcome of his first appearance or other probable cause proceeding on this charge. Nor does he refer to the person or persons who initiated or continued criminal proceedings against him and allege facts indicating they acted with malice.

Plaintiff included correspondence to the clerk with his Motion for Leave to Amend in which he asked for the name of defendant's attorney and when the complaints and summonses he prepared would be

served. At this point no defendant has been served, and thus no attorney for defendant has entered an appearance in this case. Plaintiff will be preparing a different First Amended Complaint. The court will direct service of summons only after the filing fee has been satisfied and the screening process is completed and only if the Amended Complaint survives screening.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Amend (Doc. 3) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court either the filing fee of $350.00 or a motion to proceed without prepayment of fees on court-approved forms that is properly supported with a certified copy of his inmate account for the six-month period immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to file a First Amended Complaint upon court-provided forms that cures the deficiencies discussed herein.

The clerk is directed to send plaintiff § 1983 forms and forms for filing a motion to proceed without prepayment of fees together with a copy of this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 18th day of April, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge