```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DERON McCOY,**

                       **Plaintiff,**

           v.                                CASE NO.  12-3050-SAC

**DAVID MILLER, Law Enforcement Officer, Hutchinson Police Department, et al.,**

                       **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the court upon plaintiff's first Motion for Leave to Amend Complaint (Doc. 16), Motion to Appoint Counsel (Doc. 12), Motion for Status Hearing (Doc. 18), and second Motion for Leave to Amend Complaint (Doc. 19) with proposed Amended Complaint attached.

## MOTION TO FILE SECOND AMENDED COMPLAINT

Plaintiff's first Motion for Leave to Amend Complaint (Doc. 16) is denied as moot due to his filing of a subsequent motion. Plaintiff's second Motion for Leave to Amend Complaint (Doc. 19) is granted, and the Amended Complaint attached to this motion shall be filed as plaintiff's Second Amended Complaint.  Plaintiff's First Amended Complaint (Doc. 13) is completely superseded by his Second Amended Complaint, and is therefore no longer before the court.

1

**SCREENING**

Because Mr. McCoy is a prisoner, the court is required by statute to screen his Second Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

The only defendant actually referred to by name in the caption of the Second Amended Complaint is David Miller, Law Enforcement Officer, Hutchinson Police Department (HPD).[1]  In paragraphs providing information regarding each defendant and in the body of the complaint, plaintiff also names HPD Patrol Officer Chris Shultz, HPD Patrol Officer Lee Campbell, and City Prosecutor Micheal C. Robinson.

As Count I of his complaint, plaintiff claims that his rights under the Fourth Amendment were violated by defendants Miller, Shultz, and Campbell forcibly entering his residence without a search warrant, consent, probable cause, or exigent circumstances and with weapons drawn.  He further claims that these defendants violated his rights by arresting him for obstruction on October 19, 2010, without probable cause and without facts in support.

As Count II, plaintiff claims that his rights under the

---

1   Rule 10 of the Federal Rules of Civil Procedure require that all parties be named in the caption of the complaint.

Eighth Amendment were violated. As facts in support, he alleges that on October 19, 2010, defendants Miller, Shultz and Campbell falsely imprisoned him for a crime he did not commit; on October 20, 2010, defendant Robinson "maliciously initiat(ed) criminal proceedings against him after being made aware that there was no evidence to support the charge of obstruction;" and that Robinson falsely imprisoned him from March 22, 2011, through June 7, 2011, for a crime he did not commit and of which he was found not guilty.

Plaintiff seeks declaratory relief, compensatory and punitive damages, and costs of this action.

The court finds that plaintiff's assertion that his rights under the Eighth Amendment were violated has no legal merit. "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671–672, n. 40 (1977); *see Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979). Here, plaintiff alleges that he was never convicted. Accordingly, the Eighth Amendment has no application. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

The court further finds that, accepting plaintiff's fact allegations in his Second Amended Complaint as true, a responsive

3

pleading is required.

**MOTIONS**

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 12), and finds it should be denied at this time, without prejudice.  There is no right to appointment of counsel in a civil rights action, plaintiff appears capable of presenting the facts in support of his claims, and the matter is not complicated.

The court has considered plaintiff's Motion for Status Hearing (Doc. 18) and dismisses it as moot.

**IT IS THEREFORE BY THE COURT ORDERED that** plaintiff's first Motion for Leave to File Amended Complaint (Doc. 16) is denied as moot, that plaintiff's second Motion for Leave to File Amended Complaint (Doc. 19) is granted, and the clerk is directed to file the attached Second Amended Complaint.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against all defendants not named in the Second Amended Complaint, and that plaintiff's claim under the Eighth Amendment is dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 12) is denied without prejudice, and plaintiff's Motion for

Status Hearing (Doc. 18) is denied as moot.

**IT IS FURTHER ORDERED** that the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served on defendants by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

Copies of this Order shall be transmitted to plaintiff, to defendants, and to the Finance Officer at the institution where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2013, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge