# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DeRON McCOY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-3050-JAR |
| DAVID MILLER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff DeRon McCoy's Motion for Protective Order (ECF No. 35). For the following reasons, the Motion is hereby granted in part and denied in part.

### I. Relevant Background

Plaintiff brings this cause of action against several defendants, four of which have been subsequently dismissed from this case, pursuant to 42 U.S.C. § 1983. The remaining defendants are David Miller, Chris Schultz, and Lee Campbell (collectively, the "Hutchinson Police Officers"). On March 28, 2013, the Hutchinson Police Officers served their First Set of Interrogatories and First Request for Production of Documents upon Plaintiff.[1] Plaintiff subsequently filed the present Motion for Protective Order. Plaintiff's Motion seeks protection from answering Nos. 1, 4, 13, and 17 of the Hutchinson Police Officers' First Set of Interrogatories. Plaintiff's Motion also seeks additional time to respond to the First Set of Interrogatories and requests a scheduling conference to establish case management deadlines.

---

[1] *See* Notice of Service, ECF No. 32.

As an initial matter, Plaintiff filed two Notices of Service indicating that he served his responses to the First Set of Interrogatories and First Request for Production of Documents.[2] However, the Hutchinson Police Officers' response brief to the present Motion did not indicate any informal resolution of the dispute between the parties. Therefore, the Court addresses Plaintiff's Motion on the merits.

**II.     Discussion**

Even though Plaintiff did not attach the disputed interrogatories to his Motion, as required under this District's local rules,[3] he summarizes the interrogatories along with his objections. From what the Court interprets from Plaintiff's summary, the disputed interrogatories seek Plaintiff's social security number, driver's license number, a list of Plaintiff's current and previous residences, a list of previous lawsuits along with the nature of the suit, and Plaintiff's criminal record. Plaintiff argues that a protective order is necessary because this information is privileged, irrelevant, and violates his constitutional rights. As stated in Plaintiff's prayer for relief, Plaintiff requests "the court [to] block these interrogatories mentioned above and any other questions that are irrelevant, privileged, or impose 'undue burden or expenses upon him.'" The Hutchinson Police Officers disagree and assert, among other arguments, that Fed. R. Civ. P. 26(c) does not provide for any type of order protecting a party from divulging information that allegedly is privileged, irrelevant, or violates constitutional rights.

Pursuant to Fed. R. Civ. P. 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The

---

[2] Notices of Service, ECF No. 40, 41.

[3] *See* D. Kan. Rule 37.1(a) ("Motions under Fed. R. Civ. P. 26(c) or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admissions under Fed. R. Civ. P. 30, 33, 34 or 36, or at the responses thereto, must be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests, or responses in dispute.").

decision to enter a protective order is within the court's discretion.[4] In fact, the Supreme Court recognizes that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[5] Despite this broad discretion, "a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c)."[6] As explained by Magistrate Judge Waxse,

> [A] protective order must be necessary to protect the party from "annoyance, embarrassment, oppression or undue burden or expense." Rule 26(c) does not provide for any type of order to protect a party from having to divulge privileged information or materials that are not calculated to lead to the discovery of admissible evidence. While a party may object to providing discovery on the basis of privilege or on the basis that the request is not calculated to lead to the discovery of admissible evidence, the Court may only rule on the validity of such an objection in the context of a motion to compel. Such an objection is not a basis upon which the Court may enter a Rule 26(c) protective order.[7]

In addition, the party seeking a protective order bears the burden of establishing good cause.[8] To do this, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[9]

---

[4] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

[5] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (10th Cir. 1984) (internal citations omitted).

[6] *Herrera v. Easygates, LLC*, No. 11-CV-2558-EFM-GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)).

[7] *Aikens*, 217 F.R.D. at 534-35 (internal citations omitted); *see In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 WL 4226214, at *2 (D. Kan. Oct. 21, 2010) (internal citations and quotation marks omitted) ("Rule 26(c) does not give the court leave to enter a protective order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence.").

[8] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[9] *Aikens*, 217 F.R.D. at 534 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, n.16 (1981)).

Plaintiff seeks a protective order because the information sought by the disputed interrogatories allegedly is privileged, irrelevant, and violates his constitutional rights. However, Plaintiff does not demonstrate under which specific category set out in Rule 26(c) (i.e. annoyance, embarrassment, oppression, or undue burden or expense) warrants a protective order for this discovery dispute. The only mention of the specific categories is set forth in Plaintiff's prayer for relief which states that the disputed interrogatories impose an undue burden and expense. As explained above, however, Plaintiff bears the burden to establish good cause for the entry of a protective order by providing a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.[10] "[A]n affidavit or other evidentiary proof is the best way for a party to demonstrate undue burden under Rule 26(c), but, at a minimum, the party must provide a detailed explanation as to the nature and extent of the claimed burden or expense."[11] Here, Plaintiff does not provide a detailed explanation as to the nature and extent of the claimed burden or expense. Rather, Plaintiff merely makes a conclusory statement that the disputed interrogatories impose an undue burden or expense. As a result, Plaintiff fails to show good cause to enter a protective order.

Furthermore, as previously stated above, Plaintiff's privilege, relevancy, and constitutional violation objections are not a proper basis upon which the Court may enter a Rule 26(c) protective order. The better context to address these objections is on motion to compel. Based upon the limited information presented, the Court assumes these objections are the Plaintiff's responses to Interrogatory Nos. 1, 4, 13, and 17 of the Hutchinson Police Officers' First Set of Interrogatories. Should Defendants seek to have the Court consider requiring Plaintiff

---

[10] *Id.*

[11] *In re Urethane Antitrust Litig.*, 2010 WL 4226214, at *4 (internal quotation marks omitted) (citing *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02–2605–JWL–DJW, 2005 WL 327144, at *3 (D. Kan. Feb. 3, 2005).

4

to answer these four (4) interrogatories, they should file a motion to compel. The Court would address Plaintiff's objections at that time. For the above-mentioned reasons, Plaintiff's Motion as it relates to a protective order is hereby denied.

The Court next addresses Plaintiff's request for additional time to respond to the Hutchinson Police Officers' First Set of Interrogatories. The Hutchinson Police Officers do not respond to this particular request and, therefore, the Court finds it unopposed. Additionally, the Court, in its discretion, deems it appropriate to allow Plaintiff additional time to fully respond to the Hutchinson Police Officers' First Set of Interrogatories. Plaintiff is hereby granted twenty-one (21) days from the date of this Order to respond and/or properly object to the specific interrogatories within the Hutchinson Police Officers' First Set of Interrogatories.

Turning to Plaintiff's request to establish a scheduling conference, the Court denies this request at this time. The Court will address this issue in its forthcoming order on Plaintiff's Motion Requesting a Pretrial Conference and Scheduling Conference (ECF No. 50).

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff DeRon McCoy's Motion for Protective Order (ECF No. 35) is hereby denied in part and granted in part. Plaintiff's request for a protective order is denied. Plaintiff's request for additional time to respond to the Hutchinson Police Officers' First Set of Interrogatories is granted. Plaintiff is hereby granted twenty-one (21) days from the date of this Order to respond and/or properly object to the specific interrogatories within the Hutchinson Police Officers' First Set of Interrogatories. Plaintiff's request to establish a scheduling conference is denied.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge