IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DeRON McCOY, )
            Plaintiff, )
v. )    Case No. 12-3050-JAR
DAVID MILLER, *et al.*, )
            Defendants. )

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff DeRon McCoy's Motions to Compel Discovery (ECF Nos. 51, 53, 55, 57, 59, and 62). For the following reasons, the Motions are hereby denied.

**I.    Relevant Background**

Plaintiff brings this cause of action against several defendants, four of which have been subsequently dismissed from this case, pursuant to 42 U.S.C. § 1983. The remaining defendants are David Miller, Chris Schultz, and Lee Campbell (collectively, the "Hutchinson Police Officers"). Plaintiff alleges that the Hutchinson Police Officers violated the Fourth Amendment of the United States Constitution by forcibly entering his residence without probable cause, exigent circumstances, or a search warrant with weapons drawn. Plaintiff also alleges that the Hutchinson Police Officers improperly arrested him for the crime of obstruction when there was no probable cause or facts to support such an arrest.

On April 11, 2013, Plaintiff served his First Set of Interrogatories and First Request for Production of Documents on the Hutchinson Police Officers.[1] On May 14, 2013, the Hutchinson Police Officers served a timely response to Plaintiff's discovery requests, which included several

---
[1] *See* Notice of Service, ECF No. 41.

objections.[2] After receiving the Hutchinson Police Officers' objections, Plaintiff wrote a letter, dated May 19, 2013, to their attorney in an effort to resolve this discovery dispute pursuant to this District's local rules.[3] On August 5, 2013, Plaintiff alleges that he spoke with the attorney for the Hutchinson Police Officers, who informed Plaintiff that he would provide the evidence he requested.[4] On August 25, 2013, Plaintiff wrote another letter to the Hutchinson Police Officers' attorney regarding production of documents, responses to interrogatories, and settlement of this litigation.[5] The Hutchinson Police Officers' attorney mailed a letter back to Plaintiff on August 30, 2013, stating, "I am currently collecting documents that may be responsive to your request and will forward those to you as soon as possible."[6] On September 24, 2013, Plaintiff filed the present six Motions to Compel relating to his First Set of Interrogatories and First Request for Production of Documents.

## II. Discussion

Plaintiff's Motions to Compel can be divided into two categories. The first three Motions (ECF Nos. 51, 53, and 55) seek to compel responses to Requests Nos. 3-8 and 10 of Plaintiff's First Request for Production of Documents from each of the Hutchinson Police Officers. The second three Motions (ECF Nos. 57, 59, and 62) seek to compel responses to Interrogatories Nos. 9, 10, 14, 15, 17, and 18 of Plaintiff's First Set of Interrogatories from each of the

---

[2] *See* Notice of Service, ECF No. 49 (stating that service was made on May 14, 2013). The Court notes that pursuant to Fed. R. Civ. P. 33(b)(2), 34(b)(2) responses to interrogatories and requests for production of documents must be served within 30 days. However, when service is made by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C), as done here, 3 additional days are added to the party's response time. *See* Fed. R. Civ. P. 6(d). Therefore, the Hutchinson Police Officers' responses to Plaintiff's initial discovery requests were timely served within this 33 day period.

[3] Ex. 2, ECF No. 52-1. The Court notes that this same exhibit was filed with all six Motions to Compel.

[4] Pl.'s Mem. in Supp. of Mot. to Compel (ECF No. 51) at 4, ECF No. 52.

[5] Ex. 3, ECF No. 52-1. The Court notes that this same exhibit was filed with all six Motions to Compel.

[6] Ex. 4, ECF No. 52-1. The Court notes that this same exhibit was filed with all six Motions to Compel.

Hutchinson Police Officers. The Hutchinson Police Officers objected to both categories of discovery requests on various grounds; including overbreadth, attorney-client privilege, the work-product doctrine, irrelevancy, unduly burdensomeness, and being vague and ambiguous. Plaintiff's Motions argue, for the most part, that the discovery requests seek information that is "very relevant to this action"[7] and "highly relevant to a claim of supervisory or municipal liability."[8] For each Motion to Compel, Plaintiff also argues that the Hutchinson Police Officers waived their objections by failing to make them sufficiently specific.[9]

In response to Plaintiff's Motions to Compel, the Hutchinson Police Officers do not address Plaintiff's substantive arguments. Rather, they assert that Plaintiff's Motions are untimely and, therefore, Plaintiff has waived any right to obtain responses at this time. The Court agrees.

Even though Plaintiff proceeds pro se, he still must follow the same rules of procedure that govern other litigants.[10] D. Kan. Rule 37.1(b) requires motions to compel to be "filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time . . . for good cause." If a motion to compel is not filed by this deadline, opposition to the default, response, answer, or objection is waived.[11] The rule "reflects that the triggering event is the service of the response that is the

---

[7] Pl.'s Mem. in Supp. of Mot. to Compel (ECF No. 57) at 3, ECF No. 58 (describing the relevancy of Interrogatory No. 14). The Court notes that Plaintiff asserts this same argument for the other Motions to Compel in the second category (i.e. ECF Nos. 59, 62).

[8] Pl.'s Mem. in Supp. of Mot. to Compel (ECF No. 51) at 2-3, ECF No. 52. The Court notes that Plaintiff asserts the same argument for each Motion to Compel.

[9] *Id.* at 3. The Court notes that Plaintiff asserts the same argument for each Motion to Compel.

[10] *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[11] D. Kan. Rule 37.1(b).

subject of the motion."[12] "The 30–day time period begins when specific information *first* leading to a dispute is discovered."[13] This deadline is normally not tolled while the parties are engaged in meet-and-confer efforts.[14] As thoroughly explained by Magistrate Judge Gerald L. Rushfelt,

> the deadline of 30 days is not tolled while the parties are engaged in conferring efforts to resolve the discovery dispute without court intervention. Instead, the common practice in this District is for a party to request, prior to its expiration, an extension of its deadline to file a motion to compel with respect to any discovery dispute upon which the parties are still conferring. Although courts on occasion have excused the untimely filing of a motion to compel under certain circumstance, those decisions do not indicate a common practice of the Court.[15]

In this matter, Plaintiff's Motions to Compel were due 30 days after the Hutchinson Police Officers served their objections to the disputed discovery requests. Plaintiff, however, filed his Motions to Compel approximately 133 days after the Hutchinson Police Officers served their objections without any explanation of excusable neglect or reason why the Motions were untimely. The Court recognizes that the parties potentially were trying to resolve a portion of the discovery dispute without court intervention. However, Plaintiff does not explain why he delayed filing his Motions. Further, the Court notes the clear gap of discussions between the parties which lasted approximately 78 days from the time of Plaintiff's initial letter, dated May 19, 2013, to when the parties spoke on August 5, 2013. If an extension of the deadline was warranted

---

[12] *Hock Foods, Inc. v. William Blair & Co.*, No. 09–2588–KHV, 2011 WL 884446, at *3 (D. Kan. Mar. 11, 2011).

[13] *Firestone v. Hawker Beechcraft Int'l Serv. Co.*, No. 10-1404-JWL, 2012 WL 359877, at *4 (D. Kan. Feb. 2, 2012) (emphasis in original).

[14] *Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 124538, at *3 (D. Kan. Jan. 14, 2011) (internal citations omitted); *see, e.g.*, *Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. 05-2001-DJW, 2008 WL 5046345, at *1 (D. Kan. Nov. 24, 2008) ("While not common, the courts in this District have allowed untimely motions to compel when the existence of information or documents is not known until after the deadline, or when the moving party had relied on the opposing party's false assurances of compliance.").

[15] *Layne Christensen Co.*, 2011 WL 124538, at *3.

to informally resolve this dispute, Plaintiff could have sought additional time from the Court. The Court recognizes the limitations and constraints placed upon pro se prisoners, like Plaintiff. Nevertheless, this does excuse the Plaintiff from following the same rules of procedure that govern other litigants. Therefore, the Court finds Plaintiff's Motions untimely and denies them as such.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff DeRon McCoy's Motions to Compel Discovery (ECF Nos. 51, 53, 55, 57, 59, and 62) are hereby denied.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge