## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DERON MCCOY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )     Case No. 12-03050-JAR-KGS |
| | ) |
| | ) |
| DAVID L. MILLER et. al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Deron McCoy, Jr. filed this suit against Defendants David Miller, Chris Schultz, and Lee Campbell, in their individual and official capacities, for several constitutional claims pursuant to 42 U.S.C. § 1983 and state law claims for false arrest and false imprisonment, seeking monetary, compensatory, and punitive damages. Before the Court is Plaintiff's Objection to the Denial of the Plaintiff's Motion to Compel/Plaintiff's Motion for Reconsideration of Motion to Compel (Doc. 76). The matter is fully briefed and the Court is prepared to rule. The Court **denies** Plaintiff's motion for the reasons set forth below.

## I.      BACKGROUND

On April 11, 2013, Plaintiff filed and served his First Set of Interrogatories and First Request for Production of Documents upon Defendants Miller, Schultz, and Campbell. On May 14, 2013, the officers timely served their response and objections to Plaintiff's initial discovery requests.[1] From about May 19, 2013 until August 25, 2013, Plaintiff alleges that he sent letters to and spoke with the officers' attorney in an effort to resolve the discovery disputes pursuant to

---

[1]Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2), responses interrogatories and requests for production must be generally be served within 30 days. However, when service is made by mail, as in this case, the party has an additional days to respond under Fed. R. Civ. P. 6(d). The officers timely served their responses within 33 days.

the United States District Court for the District of Kansas Rules of Practice and Procedure for District and Bankruptcy Court ("Local Rules").  On August 30, 2013, Defendants' attorney sent Plaintiff a letter indicating that he was still collecting documents that were responsive to Plaintiff's discovery requests.  On September 24, 2013, Plaintiff filed six Motions to Compel[2] related to responses to interrogatories and requests for production of documents.  On November 8, 2013, Magistrate Judge Sebelius entered an Order denying Plaintiff's Motions to Compel, finding that they were not timely filed.  Plaintiff then filed the instant objection and motion for reconsideration of the November 8, 2013 Order, which the court construes as an objection.[3]

## II.  DISCUSSION

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order.  With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[4]  "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[5]

Defendants first argue that Plaintiff's motion is based on arguments not presented in his

---

[2]Docs. 51, 53, 55, 57, 59, 62.

[3]Motions for reconsideration are typically referred to the judge who entered the order in question. However, the Court construes the instant motion as an objection to the magistrate judge's order.

[4]*First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[5]*McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).

original motion.  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[6]  In their response to Plaintiff's motions to compel, Defendants raised Plaintiff's untimeliness as the sole ground for denying the motions.  Judge Sebelius' Order dismissed Plaintiff's untimely motions to compel pursuant to Local Rule 37.1, which requires a motion to compel discovery be filed within thirty days of Plaintiff's response unless the court grants an extension for good cause.[7]  The untimeliness issue was not addressed in Plaintiff's initial motion nor did Plaintiff provide a reply to Defendants' argument.  Judge Sebelius noted that the Plaintiff did not provide an explanation of excusable neglect nor request an extension.  Thus, the Court finds that Plaintiff waived his arguments opposing Defendants' untimeliness claim.

Even if the Court were to consider Plaintiff's arguments, Judge Sebelius' Order was not clearly erroneous nor contrary to the law.  Plaintiff opines that his attempts to meet and confer with Defendants' attorney to resolve a discovery dispute, pursuant to Local Rule 37.2,[8] excused his untimeliness because he was legally prevented from bringing the motions to compel unless he complied with the rule.  And, Plaintiff further argues that the deadline for filing motions to compel should have been tolled when Plaintiff first reached out to Defense counsel via letter on May 19, 2013.  The deadline for filing a motion to compel is not 30 days from the date the

---

[6]*Marshall v. Charter*, 75 F.3d 1421, 1426 (10th Cir. 1996).

[7]*See also Firestone v. Hawker Beechcraft Int'l Serv. Co.*, No-1404-JWL, 2012 WL 359877 at* 4 (D. Kan. Feb. 2, 2012).

[8]Providing in relevant part that "The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37. . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion . . . A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."

parties conclude their efforts to meet and confer, but rather when the information giving rise to the dispute is first discovered.[9] Judge Sebelius found that Plaintiff filed his motions to compel approximately 133 days after Defendants served their objections. There were also seventy-eight days between Plaintiff's initial letter to the date that the parties spoke. The Court finds that Plaintiff could have sought an extension from the Court, as is common practice in the District. Local Rule 37.2 does not require that the non-moving party take action, only that the moving party take a "reasonable effort to confer." Plaintiff could have timely filed his motions, certifying that he made reasonable, yet unsuccessful, efforts to confer. Plaintiff's status as a pro se prisoner does not excuse him from following the same rules of civil procedure as other litigants.[10] Accordingly, the Court finds that Judge Sebelius' order was not clearly erroneous nor contrary to the law.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objection to the Denial of the Plaintiff's Motion to Compel/Plaintiff's Motion for Reconsideration of Motion to Compel (Doc. 76) is **denied**.

Dated: May 15, 2014

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[9] *Firestone*, 2012 WL 359877 at *4.

[10] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).