IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DERON MCCOY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.  12-03050-JAR-KGS |
| ) | |
| ) | |
| DAVID L. MILLER et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Deron McCoy, Jr. filed this suit against Defendants David Miller, Chris Schultz, and Lee Campbell, in their individual and official capacities, for several constitutional claims pursuant to 42 U.S.C. § 1983 and state law claims for false arrest and false imprisonment. Before the Court is Plaintiff's Motion to Alter or Amend Judgment (Doc. 83).  The matter is fully briefed and the Court is prepared to rule.  The Court **denies** Plaintiff's motion for the reasons set forth below.

### I.    BACKGROUND

Defendants Miller, Schultz and Campbell are police officers for the Hutchinson Police Department.  On October 19, 2010, Officers Miller, Schultz, and Campbell arrested Plaintiff after responding to a disturbance call at his residence.  Plaintiff and his girlfriend denied the officers' request to enter his apartment because the officers did not have a search warrant. Plaintiff alleges that he was arrested for obstruction of justice and was later acquitted by a Kansas court.

Plaintiff then filed this action, alleging claims under 42 U.S.C. § 1983 for a violation of

his Fourth Amendment rights, and state law claims for false arrest and false imprisonment.[1]  In an Order of May 9, 2014, the Court dismissed Plaintiff's state law claims, finding that the statute of limitations had run.  Plaintiff now argues that this Court committed an error when it applied a one-year statute of limitations to his claims for false arrest and false imprisonment.

## II.     DISCUSSION

Plaintiff moves this Court to alter or amend judgment under Fed. R. Civ. P. 59(e).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2]  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[3]  Whether to grant or deny a motion under Rule 59(e) is within the sound discretion of the Court.[4]

Because Plaintiff pursues his action *pro se*, the Court must remain mindful of additional considerations.  A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[5]  Thus, if a *pro se* plaintiff's complaint can

---

[1] In an Order of February 20, 2013, the Court also dismissed Plaintiff's Eighth Amendment claim for failure to state a claim.  Plaintiff does not request reconsideration of his Eighth Amendment Claim in the instant motion.

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[3] *Servants*, 204 F.3d at 1012; *Brown v. Presb. Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4] *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 1972)).

reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[6] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[7] For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[8] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[9]

Plaintiff only challenges the Court's judgment based on the need to correct clear error or prevent manifest judgment so the Court need not consider the other two grounds for altering or amending judgment. Plaintiff opines that "the Court clearly erred when it construed the plaintiffs (sic) Federal law claims to be only state law claims."[10] Plaintiff misunderstands the Court's order and, consequently, conflates his Fourth Amendment claims, which arise under federal law, with his claims for false arrest and false imprisonment, which arise under state law. It appears that Plaintiff's confusion is rooted in what he believes to be the underlying basis for his Fourth Amendment claims. For the sake of clarity, the Court reiterates that Plaintiff's Fourth Amendment claims are separate and apart from his state law claims. The Fourth Amendment protects individuals from unreasonable government intrusion on the home while state law (in this

---

[6]*Id.*

[7]*Id.*

[8]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[9]*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[10]Doc. 83 at 3.

3

case Kansas) can protect individuals from false arrest and false imprisonment.[11]  To the extent that Plaintiff is challenging what he believes to be dismissal of his Fourth Amendment claims, his motion is moot because the Order found that Plaintiff stated a plausible claim for violation of his Fourth Amendment rights.  Plaintiff incorrectly posits that his state law claims for false arrest and false imprisonment are governed by a two-year statute of limitations.  In Kansas, a one-year statute of limitations governs claims arising out of conduct by law enforcement officers that results in false arrest or imprisonment.[12]  Plaintiff alleged that Defendants falsely arrested and imprisoned him on October 19, 2010.  However, Plaintiff did not file this claim until February 22, 2012, four months after the statute of limitations expired.  The Court finds that it did not commit error when it dismissed Plaintiff's state law claims for false arrest and imprisonment and declines to alter or amend judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 83) is **DENIED.**

Dated: July 23, 2014

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[11]*United States v. Najar*, 451 F.3d 710, 712 (10th Cir. 2006); *Brown v. Kansas*, 927 P.2d 938, 940 (Kan. 1996); *see generally Birdsong v. Unified Gov't of Wyandotte Cnty./Kansas, City, Kan.*, 13-2090-JAR, 2014 WL 105509 (D. Kan. Jan. 10, 2014) (citing *Mondragon v. Thompson*, 519 F.3d 1078, 1082–83 (10th Cir. 2008) (internal citations and quotations omitted) (explaining that where a plaintiff claims that a government imprisoned him without legal process in violation of the Fourth Amendment, such a claim is analogous—but not identical—to tort claim for false arrest or false imprisonment; the distinction between the two types of claims is that the Fourth Amendment claims can only arise under the Constitution).

[12]K.S.A. § 60-514(b); *Brown*, 927 P.2d at 944.